# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

_____

|

ANTONIO ALONSO on behalf of      |     Case No. 1:16-cv-08448
himself and all others similarly situated,   |

|

           Plaintiff,      |

|

     v.      |

|

LE BILBOQUET NY, LLC, d/b/a LE      |
BILBOQUET, and PHILIPPE      |
DELGRANGE,      |
           Defendants.      |

_____ |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Douglas Weiner
Darren Shield
Mazzeo Song P.C.
*Attorneys for Defendants*

## Table of Contents

I.      PRELIMINARY STATEMENT ................................................................. 1

II.     ARGUMENT ........................................................................................ 2

        A.    Rule 12(b)(6) Standards On A Motion To Dismiss ................................. 2

        B.    Deficient Pleadings May Not Be Cured Through Discovery ................................. 4

        C.    The Complaint Fails To Meet the Iqbal/Twombly Pleading Standard .................. 5

              1.    Tip Eligibility Is Determined Using the Same Criteria Pursuant To State
                    and Federal Law ................................................................ 6

              2.    Tip Eligibility Is Determined On A Weekly Basis, Rather Than Per
                    Day or Shift ................................................................... 7

        D.    A Valid Tip Pool May Include Captains, Maître D's and Bussers ........................ 7

              1.    Captains and Maître D's Are Not "Managers, Employers or Agents" ....... 9

              2.    Captains Are Tip Eligible Members of A Service Team As A Matter of
                    Law ........................................................................... 12

        E.    "Silver Polishers" Are Tip Eligible Bussers ....................................... 13

              1.    Polishing Silverware Is Directly Related To A Bussers' Core Functions  14

              2.    Cleaning Duties Are A Busser's Core Functions ..................... 15

        F.    The Complaint's Overtime Allegations Fail To State a Claim ......................... 19

        G.    The Complaint's N.Y. Lab. Law § 195 Notice Allegations Fail To State a Claim 21

III.    CONCLUSION ................................................................. 22

**Table of Authorities**

<u>Cases</u>

*Alvarado v. Five Towns Car Wash, Inc.*, No. 13 CV 1672 RJD JO, 2014 WL 4678258
(E.D.N.Y. Sept. 19, 2014)............................................................................................ 14

*Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212 (4th Cir. 2004) ..................... 20

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 66 S.Ct. 1187 (1946) ............................... 21

*Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162 (2d Cir. 2012) ...................................... 3

*Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F. Supp. 2d 986 (N.D. Ill. 2003) ........... 5

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) ................................................... 3, 4

*Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 103 S. Ct. 897
(1983) ............................................................................................................................ 5

*Ayres v. 127 Rest. Corp.*, 12 F. Supp. 2d 305 (S.D.N.Y. 1998)................................... 10, 12, 14

*Barenboim v. Starbucks Corp.*, 549 F. App'x 1 (2d Cir. 2013) ..................................................... 8

*Barone v. United States*, No. 12 CV4103 (LAK)(MHD), 2015 WL 10791889
(S.D.N.Y. Oct. 29, 2015) .............................................................................................. 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) ........................................ 3, 4

*Bojaj v. Moro Food Corp.*, No. 13 CIV. 9202, 2014 WL 6055771 (S.D.N.Y. Nov. 13, 2014)..... 6

*Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8 (2d Cir. 1984) ....................................................... 11

*Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048 (GEL), 2007 WL 313483
(S.D.N.Y. Feb. 1, 2007).............................................................................................. 12

*Chan v. Triple 8 Palace, Inc.*, No. 03 Civ. 6048, 2006 WL 851749
(S.D.N.Y. Mar. 30, 2006) ..................................................................................... 11, 14

*Chhab v Darden Restaurants, Inc.*, 11 CIV. 8345 NRB, 2013 WL 5308004
(S.D.N.Y. Sept. 20, 2013)....................................................................................... 13, 17

*Chung v. New Silver Palace Rest. Inc.*, 246 F. Supp. 2d 220 (S.D.N.Y. 2002)........................... 10

*Chung v. New Silver Palace Rest. Inc.*, 272 F. Supp. 2d 314 (S.D.N.Y. 2003)........................... 11

*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991), *cert. denied*, 503 U.S. 960,
112 S.Ct. 1561 (1992)................................................................................................ 20

*Crate v. Q's Rest. Grp. LLC*, No. 813 Civ. 2549T24 (EAJ), 2014 WL 10556347 (M.D. Fla. May
2, 2014) ........................................................................................................................ 19

*Davis v. Abington Mem'l Hosp.*, No. CIV.A. 09-5520, 2012 WL 3206030 (E.D. Pa. Aug. 7,
2012), *aff'd*, 765 F.3d 236 (3d Cir. 2014) ................................................................... 6

*Davis v. Hawaiian Dredging Co.*, 114 F. Supp. 643 (D. Haw. 1953) ........................................... 4

*Dole v. Continental Cuisine, Inc.*, 751 F. Supp. 799 (E.D. Ark. 1990) ...................................... 10

*Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 125 S. Ct. 1627 (2005)........................................ 4

*Fast v. Applebee's Int'l, Inc.*, No. 06-4146-CV-C-NKL, 2010 WL 816639 (W.D. Mo. Mar. 4,
2010), *aff'd*, 638 F.3d 872 (8th Cir. 2011) ............................................................... 18

*Garcia v. La Revise Assocs. LLC*, No. 08 CIV 9356 (LTS)(THK), 2011 WL 135009
(S.D.N.Y. Jan. 13, 2011)..................................................................................... 8, 13, 14

*Hai Ming Lu v. Jing Fong Restaurant, Inc.*, 503 F.Supp.2d 706 (S.D.N.Y. 2007) ...................... 14

*Hart v. Crab Addison, Inc.*, No. 13-CV-6458 CJS, 2014 WL 5465480
    (W.D.N.Y. Oct. 28, 2014) .................................................................................... 7, 17

*Herman v. RSR Sec. Servs.*, 172 F.132 (2d Cir. 1999)............................................... 10, 11

*In re Burlington Coat Factory Securities Litigation,* 114 F.3d 1410 (3d Cir.1997).................... 20

*In re Starbucks Employee Gratuity Litig.*, 264 F.R.D. 67 (S.D.N.Y. 2009),
    *aff'd sub nom. Barenboim v. Starbucks Corp.*, 549 F. App'x 1 (2d Cir. 2013).............. 8, 10, 11

*Kilgore v. Outback Steakhouse of Florida, Inc.,* 160 F.3d 294 (6th Cir. 1998) ......... 13, 14, 15, 16

*Kuebel v. Black & Decker Inc.* 643 F.3d 352 (2d Cir. 2011)....................................................... 21

*Krys v. Butt*, 486 F. App'x 153 (2d Cir. 2012) ...................................................................... 3

*Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014) ........................................ 6

*Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013) ............. 5, 20, 21

*Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290 (2d Cir. 2008)................ 5

*Morgan v. SpeakEasy*, LLC, 625 F. Supp. 2d 632 (N.D. Ill. 2007).............................................. 10

*Myers v. Copper Cellar Corp.*, 192 F.3d 546 (6th Cir. 1999) ............................................... 15

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,* 723 F.3d 192
    (2d Cir.2013)............................................................................................................... 21

*New Jersey Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 709 F.3d 109
    (2d Cir. 2013)............................................................................................................... 2

*Papasan v. Allain*, 478 U.S. 265, 106 S. Ct. 2932 (1986) .......................................................... 3

*Parrino v. FHP, Inc.,* 146 F.3d 699 (9th Cir.1998) ................................................................... 20

*Phillips v. LCI Int'l Inc.,* 190 F.3d 609 (4th Cir.1999) ........................................................... 20

*Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117 (2d Cir.2007).................... 3

*RHJ Med. Ctr., Inc. v. City of DuBois*, 754 F. Supp. 2d 723 (W.D. Pa. 2010), *aff'd* 564 Fed.
    Appx. 660 (3rd Cir. 2014)............................................................................................... 3

*Roberts v. Apple Sauce, Inc.*, 945 F. Supp. 2d 995 (N.D. Ind. 2013) ................................ 4, 16, 17

*Roth v. Jennings*, 489 F.3d 499 (2d Cir. 2007) ...................................................................... 5

*Sales v. Clark*, No. 14CV8091 (PAC)(MHD), 2015 WL 7731441 (S.D.N.Y. Sept. 16, 2015) ..... 3

*Sanders v. Williams*, No. 14CV7210 (PAC)(MHD), 2015 WL 7963135
    (S.D.N.Y. Nov. 10, 2015) ............................................................................................... 3

*Shahriar v. Smith & Wollensky Rest. Grp., Inc.,* 659 F.3d 234 (2d Cir. 2011) ....................... 7, 15

*Starr v. Sony BMG Music Entertainment*, 592 F.3d 314 (2d Cir. 2010), *cert denied* 562 U.S.
    1168, 131 S.Ct. 901 (2011)........................................................................................... 3

*Townsend v. BG-Meridian, Dzc.*, 2005 WL 29788899 (W.D. Okla. Nov. 7, 2005)..................... 19

*United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487 (2d Cir. 1960)........................... 7

*White v. Classic Dining Acquisition Corp.*, No. 1:11-CV-712-JMS-MJD, 2012 WL 1252589
    (S.D. Ind. Apr. 13, 2012) ............................................................................................... 5

iii

Statutes

29 U.S.C. § 203(m) ..................................................................................................... 7
29 U.S.C. § 203(t) .................................................................................................. 9, 16

Regulations

29 C.F.R. § 778.104 ................................................................................................... 7
29 C.P.R. § 531.54 ........................................................................................... 14, 15, 16
29 C.F.R. § 531.56(e) ........................................................................................... 17, 18
N.Y. Comp. Codes R. & Regs. tit. 12, § 142–2.2 ...................................................... 21
N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.14(e)… ........................................8, 13

Other Authorities

5 Wright & Miller § 1216, at 233-234 ....................................................................... 4
New York Labor Law § 196–d (McKinney 2009) .................................................. 7, 14
*Opinion Letter Fair Labor Standards Act* (FLSA), 1997 WL 998047 ..................... 7, 17
*Opinion Letter Fair Labor Standards Act* (FLSA), 2009 WL 649014 ....................... 15
*Opinion Letter Fair Labor Standards Act* (FLSA), 1980 WL 141336 ...……………………… 17
USDOL Field Operations Manual, USDOL.gov/whd/FOH/FOH_Ch30.pdf,
    § 30d00(e) ..........................................................................................................18
USDOL Fact Sheet #15, http://www.dol.gov/whd/regs/compliance/whdfs15.pdf .......................18
Tasks Section of the Details Report in the Occupational Information Network (O*NET),
    https://www.onetonline.org/link/details/35-9011.00 ................................................19

I.      **PRELIMINARY STATEMENT**

Defendant Le Bilboquet NY, LLC operates Le Bilboquet, a restaurant in New York City (the "Restaurant"). (Complaint ¶3)  Plaintiff Antonio Alonso was formerly employed by the Restaurant as a busser.  (Complaint ¶10)  Defendants move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint because it fails to state a claim upon which relief may be granted.  The Complaint alleges legal conclusions in conflict with established law and is woefully deficient of any context-specific factual allegations.   The claims alleging overtime, tip-pool and notice violations claims do not, and cannot, allege facts to support the Complaint's legal theories.  For example:

- The Complaint alleges that tips were shared with "managerial captains" (Complaint ¶ 30) and "maître d's with management authority" (Complaint ¶ 27). However, in this District captains and maître d's have been found to be tip-eligible as a matter of law.  Plaintiff does not and cannot allege that the Restaurant's captains and maître d's in fact had the Restaurant's authority to hire or fire, promote or demote, set wages rates, assign schedules or exercise any meaningful "managerial" authority over the Restaurant's employees.  Applying the label "managerial" to captains and maître d's does not transform them from tip eligible members of the Restaurant's service team to tip ineligible "employers".  The formulaic label of "manager" does not suffice to state a claim.

- Similarly deficient is the Complaint's allegation that tips were shared with "silver polishers who did not provide customer service".  (Complaint ¶27)  The Restaurant does not employ "silver polishers" apart from bussers who, in addition to setting and clearing tables, have polished silverware.  It is well settled that

1

bussers are tip-eligible members of the service team as a matter of law.  Here, the Complaint's vague and ambiguous reference to "silver polishers" fails to identify a recognized occupation, thus fails to provide notice to Defendants or this Court of a cognizable claim upon which relief may be granted.

- Assuming *arguendo* the Court allows an inference for "silver polishers" to refer to the Restaurant's bussers who polished silverware; the Complaint does not, and cannot identify even a single employee, or specify one workweek when polishing duties were performed by an employee "who did not provide customer service".

- The allegation that "side work" (Complaint ¶ 27) comprised more than 20% of Plaintiff's time fails to state a claim because such incidental duties are related to a busser's core functions and do not invalidate the tip credit or tip-eligibility.

- Contrary to the allegations of overtime and notice violations (Complaint ¶¶ 24, 27-29, 32, 2nd, 4th, 5th and 6th Claims for Relief) it is undisputed that the Restaurant did in fact pay Plaintiff overtime wages and gave him statutory wage rate notices, as demonstrated by his signed Notice and Acknowledgement forms.

Because the Complaint is based upon flawed legal theories and fails to meet post-*Iqbal* federal pleading requirements, it should be dismissed in its entirety.

## II.    ARGUMENT

### A.    Rule 12(b)(6) Standards On A Motion To Dismiss.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.  The plaintiff must include in the complaint "sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face."

*New Jersey Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 709 F.3d 109, 119 (2d Cir. 2013)(citations omitted).  To survive a motion to dismiss, the complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009).  The Court need not accept an unsupported conclusion, unwarranted inference or legal conclusion "couched as a factual allegation".   Such conclusions are given no presumption of truthfulness.  *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986), *Starr v. Sony BMG Music Entertainment*, 592 F.3d 314, 321 (2d Cir. 2010), *cert denied* 562 U.S. 1168, 131 S.Ct. 901 (2011); *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir.2007); *Barone v. United States*, No. 12 CV4103 (LAK)(MHD), 2015 WL 10791889, at *6 (S.D.N.Y. Oct. 29, 2015); *Sales v. Clark*, No. 14CV8091 (PAC)(MHD), 2015 WL 7731441, at *3 (S.D.N.Y. Sept. 16, 2015); *Sanders v. Williams*, No. 14CV7210 (PAC)(MHD), 2015 WL 7963135, at *2 (S.D.N.Y. Nov. 10, 2015).  As colorfully summarized by the court in *RHJ Med. Ctr., Inc. v. City of DuBois*, 754 F. Supp. 2d 723, 730 (W.D. Pa. 2010), *aff'd* 564 Fed. Appx. 660 (3rd Cir. 2014), "There is a "new sheriff in town" now policing Fed.R.Civ.P. 12(c), and his name is "*Twiqbal.*" *Bell Atlantic Corporation v. Twombly* and *Ashcroft v. Iqbal* [citations omitted] or *Twiqbal* as they are commonly known, have caused a sea change in federal pleading standards."

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that "the claim asserted must be one that, in light of the *factual* allegations, is at least 'plausible.'" *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012), citing *Twombly*, at 555 (emphasis supplied).  Following *Iqbal,* the District Court must dismiss a complaint that pleads facts that are "merely consistent with" a defendant's liability, if the complaint "stops short

3

of the line between possibility and plausibility of 'entitlement to relief.'") *Krys v. Butt*, 486 F. App'x 153, 155 (2d Cir. 2012) citing *Iqbal at 678,* quoting *Twombly,* at 557.

These pleading standards apply with the same force to minimum wage and overtime claims under the Fair Labor Standards Act ("FLSA").  ("The allegations set forth in the Amended Complaint establish only that the Plaintiff was required to perform some unspecified amount of non-tip producing duties during her work as a server. This is not a sufficient factual basis to set forth a plausible claim that the Defendants unlawfully applied the tip credit provision of the FLSA and violated its minimum wage requirements.")  *Roberts v. Apple Sauce, Inc.*, 945 F. Supp. 2d 995, 1006 (N.D. Ind. 2013).  Here, the Complaint suffers from the same deficiencies found by the *Roberts* court, and should be dismissed for the same reasons.  Because the Complaint falls well short of the "new sheriff's" pleading requirements, it should be dismissed in its entirety.

**B.  Deficient Pleadings May Not Be Cured Through Discovery.**

Courts are also careful to guard against launching parties and the courts into the time and expense of unfocused discovery.  In finding a complaint insufficient to withstand dismissal, the Supreme Court in *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 125 S. Ct. 1627 (2005) recognized that a plaintiff with "a largely groundless claim" could be allowed to "take up the time of a number of other people, with the right to do so representing an *in terrorum* increment of the settlement value." *Id.* at 347.  A deficient pleading may not "unlock the doors of discovery." *Iqbal*, at 678-679.  Where a complaint does not raise a claim of entitlement to relief, "this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly* at 558, quoting 5 Wright & Miller § 1216, at 233-

4

234 (quoting *Davis v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Haw. 1953)); *Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008); *Roth v. Jennings*, 489 F.3d 499, 517 (2d Cir. 2007); *see also Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) ("[S]ome threshold of plausibility must be crossed at the outset before a. . . case should be permitted to go into its inevitably costly and protracted discovery phase").  A "district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 528, n. 17, 103 S. Ct. 897 (1983).  Courts have refused to permit generic assertions to substitute for factual allegations.  "Here, Plaintiffs' Amended Complaint provides only generic, conclusory assertions of a right to relief under the FLSA minimum wage provisions. Indeed, there is not, on the face of the Amended Complaint, a single factual allegation that would permit an inference that even one member of the Plaintiffs' collective has "a right to relief above the speculative level."  *White v. Classic Dining Acquisition Corp.*, No. 1:11-CV-712-JMS-MJD, 2012 WL 1252589, at *5 (S.D. Ind. Apr. 13, 2012).  Here, the Complaint's allegations are speculative, and do not state a claim upon which relief may be granted.

### C. The Complaint Fails to Meet the *Iqbal/Twombly* Pleading Standard.

The premise of the Complaint is that the formulaic label of "managerial" or "silver polisher"  or "non-tipped side-work" can be placed on well-established tip-eligible occupations to create alleged "facts" to survive the Restaurant's motion to dismiss.  However, such generalized allegations are not grounded in factual allegations and are inadequate in this circuit to state a claim under "the new sheriff's'" pleading standards. *Lundy v. Catholic Health Sys. of*

5

*Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). *See also*, *Bojaj v. Moro Food Corp.*, No. 13 CIV. 9202, 2014 WL 6055771, at *3 (S.D.N.Y. Nov. 13, 2014)(Court dismissed claims where "Plaintiff allege[d] neither the hours of [plaintiff's employment with defendant], nor the payments that amounted to compensation below the state or federal minimum wage").

In *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014) the circuit court affirmed granting a motion to dismiss a complaint similar to the Complaint herein, rejecting the plaintiff's pleadings as "generalized allegations asserting violations of the minimum wage and overtime provisions of the FLSA" and found "notably absent" "any detail regarding a given workweek." The *Landers* court concluded that "Although these allegations 'raise the possibility' of under compensation in violation of the FLSA, a possibility is not the same as plausibility." *Id.* at 645 (citations omitted). *See also Davis v. Abington Mem'l Hosp.*, No. CIV.A. 09-5520, 2012 WL 3206030, at *5 (E.D. Pa. Aug. 7, 2012), *aff'd*, 765 F.3d 236 (3d Cir. 2014), where the circuit court also affirmed dismissal of the plaintiffs' claims on a motion to dismiss because the allegations were non-specific. The *Davis* court reasoned that "whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 242-43 (3rd Cir. 2014)(citations omitted). Here, the Complaint alleges a conclusion that captains, maître ds, and "silver polishers" were not eligible to share tips but alleges no factual grounds to support this implausible claim. Because context-specific facts are wholly lacking from the Complaint, dismissal is appropriate.

1. **Tip Eligibility Is Determined Using the Same Standards Under State and Federal Law.**

Courts in this circuit recognize that New York enacted wage and hour laws patterned on the federal requirements of the FLSA, and conduct the same analysis of employers' minimum

wage and tip sharing requirements under both acts.  ("Because the FLSA and the NYLL use a similar standard for making such a determination, and because each set of claims arise from the same set of operative facts, a determination as to the FLSA claims may decide the Plaintiffs' NYLL claim as well. *See* 29 U.S.C. § 203(m) (2006); New York Labor Law § 196–d (McKinney 2009).")  *Shahriar v. Smith & Wollensky Rest. Grp., Inc.,* 659 F.3d 234, 246 (2d Cir. 2011). Occupations that are tip eligible under the FLSA are also tip eligible under the NYLL, and *vice versa.*⌗

>    **2.  Tip Eligibility Is Determined On A Weekly Basis, Rather Than Per Day or Shift.**

The U.S. Department of Labor instructs us that to be considered a tipped-employee, an employee's status is determined on the basis of the employees' entire weekly activities.  *Opinion Letter Fair Labor Standards Act* (FLSA), 1997 WL 998047, at *2. ("establishments such as your client's restaurant, where an employee employed as a dishwasher performs a variety of different jobs or duties, his or her status as one who "customarily and regularly receives tips" *will be determined on the basis of his or her activities over the entire workweek*.")  (emphasis supplied) *Id.* at *2.  In accord is the Code of Federal Regulations, which state: "The Act takes a single workweek as its standard" 29 C.F.R. § 778.104.  In *Hart v. Crab Addison, Inc.*, No. 13-CV-6458 CJS, 2014 WL 5465480, at *1 (W.D.N.Y. Oct. 28, 2014) the court dismissed a claim similar to the Complaint holding: "the Court granted Defendant's motion to dismiss, in part, and dismissed the FLSA minimum-wage claim because, although the original Complaint alleged that Plaintiffs were paid less than the minimum wage for certain shifts, it failed to plausibly allege that they were paid less than the minimum wage for any particular week.")  See also, *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487 (2d Cir. 1960)(Each workweek stands alone).

Here, the Complaint does not and cannot allege that "silver polishers" provide no customer service during the course of their entire workweek.  Because each workweek stands alone, the Complaint's failure to identify even one week where "polishers" are alleged to have provided less than *de minimis* customer service is fatal to this claim.  Here, the Complaint suffers from the same deficiency identified by the *Hart* court, it should be dismissed applying the same reasoning.

### D.  A Valid Tip Pool May Lawfully Include Captains, Maître Ds and Bussers.

Plaintiff's claims are premised upon the contention that the FLSA and NYLL prohibit captains, maître d's, and bussers who polish silverware from sharing tip-money. However, as Courts in this district have consistently held, lawful tip-sharing among members of a customer service team is permitted as a well settled matter of law. This district has specifically found captains such as the Restaurant's captains to be tip eligible.  ("it is undisputed that captains . . . had regular interactions with customers in connection with core Restaurant functions. Captains' duties included ascertaining guest satisfaction and resolving any issues that might arise in that connection . . . These duties constitute more than de minimis customer interaction.") *Garcia v. La Revise Assocs. LLC*, No. 08 CIV 9356 (LTS)(THK), 2011 WL 135009, at *7 (S.D.N.Y. Jan. 13, 2011)*, see also In re Starbucks Employee Gratuity Litig*., 264 F.R.D. 67,72-73 (S.D.N.Y. 2009), *aff'd sub nom. Barenboim v. Starbucks Corp.*, 549 F. App'x 1 (2d Cir. 2013). ("*Starbucks*").  Indeed, the New York Hospitality Industry Wage Order specifically identifies captains and bussers as belonging to tip eligible occupations. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.14(e).  Here, the Complaint fails to plead facts showing why the Restaurant's captains and maître d's should not be found tip-eligible as a matter of law.  ("The Court finds that, because the undisputed evidence of record shows that captains had more than *de minimis*

8

interaction with the Restaurant's customers and did not act as employers vis-a-vis the other members of the Restaurant staff, their inclusion in the tip pool was proper.")  *La Revise* at *7. The Complaint does not and cannot allege that captains and maître d's had the authority to hire, fire, supervise, control employee work schedules or determine employee wage rates. Accordingly, the Complaint makes no factual allegation that the Restaurant violated the law by allowing captains and maître d's to share tips.   The Complaint does not dispute that the Restaurant's captains and maître d's engage in daily direct customer service and receive more than $30 a month in tips.  By virtue of 29 U.S.C. § 203(t) the employees in question, by statutory definition, have the right to share in a tip pool.

The FLSA and NYLL recognize income received by "tipped employees" as a portion of their lawful minimum wage rate whether received directly from customers or indirectly from shares of a tip pool.  Federal and state wage laws are designed to credit to employees' minimum wages a portion of the tip money they receive.  Here, the Complaint's failure to plead facts showing how the Restaurant violated the law by including the challenged occupations in the tip pool is fatal to its minimum wage and tip-sharing claims.  For this reason alone the First and Third Claims for Relief should be dismissed.

**1.  Captains And Maître D's Are Not "Managers, Employers or Agents".**

The Complaint's conclusory allegations that captains and maître d's had "managerial" authority (*Id.* ¶ 27, 30) fails to state a claim because there are no facts alleged to show that they exercised any meaningful managerial authority over other employees.  When reviewing whether an individual employee is an "employer" or "agent of the corporation" under state and federal law, courts within this district have treated the "employer" and "agent the corporation" analysis

as functionally the same. See *Starbucks*, 264 F.R.D. at 72-73 (*citing Ayres v. 127 Rest. Corp.*, 12 F. Supp. 2d 305, 308 (S.D.N.Y. 1998) (analyzing "agent" and "employer" issue together). Courts have uniformly held under NYLL and the FLSA that supervisory employees with no authority to hire, fire, or schedule employees are not "employers" and thus may participate in tip pools, even if they have some floor supervisory responsibilities. *See, e.g., Morgan v. SpeakEasy*, LLC, 625 F. Supp. 2d 632, 653 (N.D. Ill. 2007) ("senior servers" not "employers" under FLSA for purposes of tip-pooling provisions where they exercised "some control over employees, such as sending them home, requesting additional staff, and supervising their work," but had no authority to hire, fire, or schedule employees); *Dole v. Continental Cuisine, Inc.*, 751 F. Supp. 799, 803 (E.D. Ark. 1990) (maître d' with some floor supervisory responsibilities not "employer" because he did not "hire and fire employees, control the methods of operation..., set hourly wages, or control the payroll"); *compare, e.g., Chung v. New Silver Palace Rest. Inc.*, 246 F. Supp. 2d 220, 224-25, 227-28 (S.D.N.Y. 2002) (part-owners of restaurant with authority to hire and fire, set schedules, and who sat on board of directors were "employers" prohibited from sharing in tips under FLSA).  Here the Complaint does not allege that the Restaurant's captains or maître d's were employers or part-owners.

In order to determine whether an individual is an "employer" under the FLSA, courts look to the "economic realities" of the relationship by reviewing "whether the alleged employer (1) ha[s] the power to hire or fire the employees, (2) supervise[s] [or] control[s] employee work schedules or conditions of employment, (3) determine[s] the rate... of payment, and (4) maintain[s] employment records."  *See, e.g., Herman v. RSR Sec. Servs.*, 172 F.132, 139 (2d Cir. 1999) (citation omitted); *Chung v. New Silver Palace Rest. Inc.*, 272 F. Supp. 2d 314, 318 n.6

(S.D.N.Y. 2003).  The Complaint does not and cannot allege that the Restaurant's captains and maître d's have any of the authority required to be "employers" "agents" or "managers" under the FLSA or NYLL Section 196-d. Here, the Complaint has less heft than similar cases previously dismissed by courts in this district.  ("Plaintiffs contend that Shift Supervisors are 'agents' of Starbucks and thus prohibited from sharing in tips because they were able to supervise and coordinate Baristas, open and close the store, deposit money into the safe, and oversee the store in the absence of a Store Manager or Assistant Store Manager. These responsibilities, however, do not carry the broad managerial authority or power to control employees that courts have held to be sufficient to render an employee an "employer or [employer's] agent" within the meaning of Section 196–d.")  *Starbucks*, 264 F.R.D. at 72.  Here, without offering facts to support a conclusion that captains or maître d's have meaningful authority over other employees, the Complaint must be dismissed.

The *Starbuck's* Court cited *Chan v. Triple 8 Palace, Inc.*, No. 03 Civ. 6048, 2006 WL 851749 (S.D.N.Y. Mar. 30, 2006) with approval for dismissing a similar claim, holding that "Plaintiffs failed to demonstrate certain restaurant employees – who carried business cards and represented to customers they were managers, addressed customer complaints, supervised waiters and busboys, made menus, set shifts for other employees, made hiring recommendations, and documented and calculated tip sharing – were either employers or agents because the proffered evidence failed to demonstrate that they 'possessed the power to control' plaintiffs.") *Starbucks*, 264 F.3d at 72, quoting *Chan v. Triple 8*, at * 16; *see also Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999); *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)("persons without the capacity to hire, fire or discipline other employees, even restaurant

staff characterizes as senior floor captains and accorded supervisory responsibilities, are not agents purposes 196-d, presumably because persons without authority over hiring, firing and other incidents of the employment relationship are not exercising powers relevant to the creation or maintenance of the employment relationship"*Starbucks,* 264 F.R.D. at 72-73).   Here, the Restaurant's captains and maître d's have far less indicia of "management" than the employees found tip eligible in *Triple 8 Palace* and *Starbucks*. The Complaint does not and cannot allege that the Restaurant's captains and maître d's set shifts for other employees, carried business cards or represented to customers they were managers.   Courts have consistently held that customer service employees with only limited supervisory responsibilities do not qualify as "agents", and are thus eligible to share tips. For example, the *Ayres* court stated that an employee that is "merely [a] senior floor captain with more limited supervisory responsibilities" is *not* an "agent of the corporation" within the meaning of Section 196-d. *Ayers*, 12 F. Supp. 2d at 308 n.1. The *Ayres* court held that employees are agents of the corporation only when they have "full authority" to hire, terminate or suspend employees, control the store's budget, and make a guaranteed salary each week. *Ayers*, 12 F. Supp. 2d at 308.   Here, because the Complaint fails to allege captains and maître d's have any one of these managerial authorities, let alone all of them, it fails to state a claim.

In *Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048 (GEL), 2007 WL 313483, at **4, 18-19  (S.D.N.Y. Feb. 1, 2007), the Court rejected the plaintiffs' claims that an employee was tip-ineligible even though he processed some hiring-related paperwork, "exercised some personal authority," and "act[ed] as a captain." The Court stated that Section 196-d's prohibitions on tip-sharing did not apply to these employees because they did not "wield[] broad managerial

authority." *Id.* at *21.  No court has found hourly employees with minimal floor supervisory responsibilities to be "employers" or "agents" for the purposes of the FLSA or the NYLL Section 196-d. To do so would disenfranchise customer service workers with minor supervisory responsibilities from the tip-money they work for and earn.  The Complaint does not allege that either captains or maître d's possess the authority necessary to render them "employers" pursuant to the FLSA, or "agents of the corporation" pursuant to NYLL Section 196-d. Thus, the Restaurant's captains and maître d's may lawfully share tip-money, and the Complaint fails to state any facts to the contrary.

### 2. This District Has Found That Captains Are Tip Eligible Members of the Service Team As A Matter of Law.

Captains belong to an occupation that courts find to be tip eligible in this district.  ("The Court finds that . . . captains had more than *de minimis* interaction with the Restaurant's customers and did not act as employers . . .  [therefore] their inclusion in the tip pool was proper.")  *La Revise*, at *7.  Parallel to federal law, the New York Hospitality Industry Wage Order specifically identifies captains and bussers as being tip eligible. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.14(e). Here, the Complaint does not, and cannot, allege facts that differentiate the tip eligible captains found by the *Garcia* court from the Restaurant's captains and maître d's.  Accordingly, the Complaint should not survive this motion to dismiss.

### E.  "Silver Polishers" Are Tip Eligible Bussers.

Here the Complaint's theory of recovery departs from well settled law.  In *Kilgore v. Outback Steakhouse of Florida, Inc.,* 160 F.3d 294, 300-02 (6th Cir. 1998), the court found that "employees are properly included as tipped employees when they are engaged in an occupation which customarily and regularly receives more than $30 a month in tips" and provide more than

13

*de minimis* direct customer service. The NYLL expressly provides "[n]othing in this subdivision shall be construed as affecting... practices in connection with the sharing of tip-money by a waiter with a busboy or similar employee." N.Y. Lab. Law § 196-d; *see also Ayres*, 12 F. Supp. 2d at 307 ("tip-pooling is not *per se* illegal" under Section 196-d). Courts look to the actual duties of the employees in question to determine whether "tipped employees" have sufficient customer interaction to qualify their occupation as among those which have traditionally generated service gratuities. *Kilgore*, 160 F.3d at 296. The *Kilgore* court explained: "Hosts are "engaged in an occupation which they customarily and regularly receive tip-money" because they sufficiently interact with customers in an industry (restaurant) where undesignated tip-money is common. . . [They are] like bus persons, who are mentioned in 29 C.P.R. § 531.54 as an example of restaurant employees who may receive tip-money from tip outs by servers." *Id.* at 301 (quotations in original). Courts in this circuit cite *Kilgore* with approval. *See e.g. Triple 8 Palace*, 2006 WL 851749, at *14 (*citing Kilgore*, 160 F3d at 300); s*ee also Alvarado v. Five Towns Car Wash, Inc.*, No. 13 CV 1672 RJD JO, 2014 WL 4678258, at *2 (E.D.N.Y. Sept. 19, 2014); *Chhab v Darden Restaurants, Inc.*, 11 CIV. 8345 NRB, 2013 WL 5308004, at *6 (S.D.N.Y. Sept. 20, 2013); *Garcia v. La Revise Assocs. LLC,* No. 08 CIV 9356 (LTS)(THK), 2011 WL 135009, at *5 (S.D.N.Y. Jan. 13, 2011); *Hai Ming Lu v. Jing Fong Restaurant, Inc.*, 503 F.Supp.2d 706, 711 (S.D.N.Y. 2007) .

Here, the Complaint fails to state a lawful basis to exclude bussers from sharing tips when they perform tip-related work, such as polishing silverware for the Restaurant's customers. Federal regulations explicitly allow bussers and bar backs (bussers assisting bartenders) to share tips under the provisions of the FLSA, despite the fact that they have only occasional customer

interaction.  *See* the DOL's Opinion Letter,  Fair Labor Standards Act (FLSA), 2009 WL 649014, at *2 which states "The legislative history includes bus persons ("busboys") ["bussers"]in the list of occupations that may participate in tip pools. . . 29 C.F.R § 531.54. . . *See Kilgore v. Outback Steakhouse of Fla.*, 160 F.3d at 301-2".  Here, the Complaint's theory (*Id.* ¶¶27, 30, 31) that bussers performing polishing duties invalidate a tip pool is flawed, and does not state a claim upon which relief may be granted.

### 1.   Polishing Silverware Is Directly Related To A Bussers' Core Functions.

The Complaint makes no factual allegation showing why "silver polishers" are prohibited from receiving a share of the tip pool.  Tip eligible employees are distinguished from non-service employees who have no customer service duties.  *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 550-551 (6th Cir. 1999) ("[b]ecause the salad preparers abstained from *any* direct intercourse with diners, worked *entirely* outside the view of restaurant patrons, and *solely* performed duties traditionally classified as food preparation or kitchen support work, they could not be validly categorized as "tipped employees" under section 203(m).  Accordingly . . . the pooling scheme was illegal . . .") (emphasis added). *See also Shahriar v. Smith & Wollensky Rest. Grp., Inc.,* 659 F.3d 234, 246 (2d Cir. 2011)(citing support for *Meyers*).  Here the Complaint does not – and cannot – allege that the "silver polishers" are not bussers providing customer service.  Here, the Complaint fails to identify a single week where it is alleged that bussers who performed polishing duties worked "entirely" behind kitchen doors out of the view of patrons during the entire week.  The Complaint fails to provide grounds upon which this Court or the Defendants are given adequate notice of the facts upon which the allegations are based.  The conclusory allegations masquerading as facts (Complaint ¶¶ 27, 30) do not state plausible claims.

15

**2.   Cleaning Duties Are Part of A Busser's Core Functions.**

It is well settled that tipped employees may perform incidental duties without losing the tip credit, or their eligibility to share tips. The court in *Roberts v. Apple Sauce, Inc.*, 945 F. Supp. 2d 995 (N.D. Ind. 2013) dismissed similar allegations of violation reasoning that "the Plaintiff was required to perform some unspecified amount of non-tip producing duties during her work as a server.  This is not a sufficient factual basis to set forth a plausible claim that the Defendants unlawfully applied the tip credit provision of the FLSA and violated its minimum wage requirements."   The *Roberts* court found that performing related duties were incidental to performing tipped service duties, and granted the restaurant's motion to dismiss holding that pursuant to 29 U.S.C. § 203(t) a "tipped employee" is any "employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips".  *Id.* at 1000.  The Complaint does not, and cannot, allege that Defendants' tipped employees performing polishing duties received less than $30 a month in tips.  As the *Kilgore* court held, employees with at least *de minimis* customer interaction may be properly included in a tip pool. The court in *Kilgore,* 160 F.3d at 301, made clear that employees with *de minimis* customer interaction are eligible to share tips from a tip pool. ("Like bus persons, who are explicitly mentioned in 29 C.F.R. § 531.54 as an example of restaurant employees who may receive tips from tip outs by servers, hosts are not the primary customer contact but they do have more than *de minimis* interaction with the customers.  One can distinguish hosts from restaurant employees like dishwashers, cooks, or off-hour employees like an overnight janitor who do not directly relate with customers at all.") See also *Chhab at *3; Hart* at *5.  Here the Complaint fails to allege facts showing that bussers performing cleaning and polishing duties are the legal equivalent of overnight janitors,

16

unseen by customers at all. For this reason alone, the claims pertaining to the "silver polishers" should be dismissed.

Further, the Complaint advances a faulty legal conclusion that bussers performing polishing or cleaning (Complaint ¶ 27) duties lose their tip eligibility or tip credit allowance. Tipped employees who perform customer service duties and related non-service duties are still performing tip eligible work throughout their shift. The *Roberts* court dismissed the complaint after conducting a careful analysis of the same theory of violation advanced by the Complaint herein. After considering "the case law, the statute, regulations, and other DOL publications and opinions, [the court] concludes that Plaintiff's claim is based on a faulty legal conclusion". *Roberts* at 1000-1002. Duties like polishing silver and general cleaning around the dining room are incidental to the regular duties of a busser and therefore may be compensated with a credit for tips at minimum wage. The Complaint does not, and cannot, state facts to the contrary.

Federal regulations specifically identify time spent cleaning as related and incidental to a tipped occupation. 29 C.F.R. § 531.56(e). Similarly here, polishing and "side-work" cleaning duties are incidental to the tipped occupation of busser. *See also* U.S. Dep't of Labor, Wage and Hour Division, Opinion Letter WH–502, 1980 WL 141336 (March 28, 1980) (stating that time spent by tipped employees to clean salad bars, place condiment crocks in coolers, clean and stock server stations, clean and reset tables, and vacuum dining room carpets after the restaurant closed, "constituted tipped employment within the meaning of [29 C.F.R. § 531.56(e)]"). Here, the Complaint fails to meet the post-*Iqbal* federal pleading standards because it is factually deficient and is based on the same "faulty legal conclusion" regarding incidental duties advanced by the *Roberts* plaintiffs, which was dismissed by the *Roberts* court.

17

Strikingly, the Complaint fails to differentiate between (1) tipped duties, (2) non-tipped duties related to the tipped occupation, and (3) non-tipped duties unrelated to the tipped occupation despite the regulation at 29 C.F.R. § 531.56(e) which discuss the significance of these distinctions in detail.  The DOL's Field Operations Manual further instructs as follows:

> 29 CFR 531.56(e) permits the employer to take the tip credit for time spent in duties related to the tipped occupation of an employee, even though such duties are not by themselves directed toward producing tips, provided such related duties are incidental to the regular duties of the tipped employees and are generally assigned to the tipped employee. For example, duties related to the tipped occupation may include a server who does preparatory or closing activities, rolls silverware and fills salt and pepper shakers while the restaurant is open, cleans and sets tables, makes coffee, and occasionally washes dishes or glasses. DOL Field Operations Handbook § 30d00(e) (rev. Dec 1, 2016), available at https://www.dol.gov/whd/FOH/FOH_Ch30.pdf (last visited January 9, 2017).

Further, the DOL has published a Fact Sheet to provide compliance assistance to employers in the hospitality industry, which states:

> The FLSA permits an employer to take the tip credit for some time that the tipped employee spends in duties related to the tipped occupation, even though such duties are not by themselves directed toward producing tips. DOL Wage and Hour Div. Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act, available at https://www.dol.gov/whd/regs/compliance/whdfs15.pdf (last visited January 9, 2017).

Considering similar allegations, courts have emphasized that performing related duties does not invalidate tip eligibility.  *Fast v. Applebee's Int'l, Inc.*, No. 06-4146-CV-C-NKL, 2010 WL 816639, at *2 (W.D. Mo. Mar. 4, 2010), *aff'd*, 638 F.3d 872 (8th Cir. 2011) ("…just because an employee is not doing work that directly produces tips does not mean that a tip credit cannot be taken. So long as a tipped employee is doing related work *in his or her tipped occupation,* a tip credit is permitted.")(emphasis in original); *Crate v. Q's Rest. Grp. LLC,* No. 813 Civ. 2549T24 (EAJ), 2014 WL 10556347, at *4 (M.D. Fla. May 2, 2014) ("Given the complete lack

18

of detail in their operative complaints regarding the types of maintenance, cooking, and cleaning duties that Plaintiffs perform, it is not clear that such duties constitute a dual occupation…"). Here, the Complaint fails to allege the percentages of weekly time spent in the service duties of bussers and indiscriminately lumps together incidental, related and allegedly "unrelated" silver polishing and cleaning duties.  Here, when a Restaurant's busser polished silverware he did not leave his occupation as busser to enter a "dual job" of "silver polisher".  To the contrary, tipped work includes duties not directly interacting with customers, and "related non-tipped" duties encompass a broad range of incidental activities. *See, e.g.*, *Townsend v. BG-Meridian, Dzc.*, 2005 WL 29788899, at *7 (W.D. Okla. Nov. 7, 2005) (waitresses performed duties of cashiers and phone order receptionists and still qualified for tip credit because such duties were "merely related duties incident to her waitress position").  Further, the Tasks Section of the Details Report in the Occupational Information Network (O*NET) published by the U. S. Department of Labor lists cleaning, stocking and maintaining adequate supplies of silverware as the "core responsibilities"  of bussers.   (https://www.onetonline.org/link/details/35-9011.00, last visited January 9, 2017).

What's more, the Complaint fails to name a single individual employed as a "polisher" or identify a single workweek claimed to be entirely devoted to polishing work by any employee who did not provide any customer service.  Here, the Complaint's failure to allege facts supporting the implausible conclusion that Plaintiff spent more than 20% of his workday performing "non-tipped side-work" is reason alone to warrant dismissal of this claim.  The silver polisher and side-work allegations of the Complaint are not grounded in context-specific facts,

19

are contrary to well settled law, and should be dismissed because they do not state a claim upon which relief may be granted.

**F. The Complaint's Overtime Allegations Do Not State A Claim.**

The Complaint identifies two workweeks where Plaintiff worked more than forty hours per week (*Id.* ¶24).  Significantly and dispositively the Complaint does not, and cannot, allege that he was not properly paid overtime wages for the weekly hours he worked over 40, because in fact he was.  (Trendafilova Declaration Exhibit A)[1]  In this Circuit non-specific allegations of overtime violations are dismissed.  In *Lundy v. Catholic Health System of Long Island Inc.,* 711 F.3d 106 (2d Cir.2013) the Second Circuit held that where the plaintiffs had failed to identify a

---

[1] The Court may consider the Trendafilova Exhibits without converting this motion into a motion for summary judgment because the Complaint explicitly refers to them (*Id.* at ¶¶ 24, 27-29, 32) and the documents are within Plaintiff's actual possession and prior knowledge.  Courts may consider extrinsic documents in support of a motion to dismiss where they are integral to and explicitly relied upon by the Complaint and the Plaintiff does not challenge their authenticity. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991), *cert. denied*, 503 U.S. 960, 112 S.Ct. 1561 (1992). In *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) the court summarized the reasoning of this principle of law: ("Although as a general rule extrinsic evidence should not be considered at the 12(b)(6) stage, we have held that when a defendant attaches a document to its motion to dismiss, "a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *Phillips v. LCI Int'l Inc.,* 190 F.3d 609, 618 (4th Cir.1999); *see also Parrino v. FHP, Inc.,* 146 F.3d 699, 705–06 (9th Cir.1998). As the Third Circuit has explained:

> The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated "[w]here plaintiff has actual notice ... and has relied upon these documents in framing the complaint." *In re Burlington Coat Factory Securities Litigation,* 114 F.3d 1410, 1426 (3d Cir.1997) (quotation marks omitted).")

Here the Trendafilova exhibits are documents Plaintiff signed and acknowledged (Exhibits B, C and D), received with his paycheck (Exhibits A and F), or were prominently posted in the Restaurant during the course of his employment (Exhibit E).  There is no dispute that these exhibits are authentic documents known to Plaintiff prior to filing his Complaint.

single workweek in which they worked at least forty hours and also worked *uncompensated time* in excess of forty hours, the formulaic allegations of the complaint were properly dismissed.  See also, *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,* 723 F.3d 192, 200 (2d Cir.2013). To recover  "on a claim for unpaid overtime, a plaintiff must prove that he performed work for which he was not properly compensated" *Kuebel v. Black & Decker Inc.* 643 F.3d 352, 361 (2d Cir. 2011), *citing Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-687, 66 S.Ct. 1187 (1946)). *See also* N.Y. Comp. Codes R. & Regs. tit. 12, § 142–2.2 (adopting the overtime standards applicable under the FLSA into the NYLL overtime compensation requirements).

As the *Lundy* court held "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a *given* workweek *as well as some uncompensated time* in excess of the [forty] hours." *Lundy* at 114 (emphases added)).  As in *Lundy*, the Complaint herein fails to allege "a single workweek in which [employees] worked at least [forty] hours *and also worked uncompensated time* in excess of [forty] hours."  (emphasis supplied) Dismissal of the *Lundy* complaint was affirmed by the Circuit court.  *Id.* at 114–15; *see also Nakahata,* 723 F.3d at 201 (citing *Lundy* and holding that "[p]laintiffs must provide sufficient detail about the length and frequency of their *unpaid work*"). (emphasis supplied) Here the Complaint suffers from the same factual implausibility as the complaints that were dismissed in *Lundy* and *Nakahata.*  As such, dismissal of the Complaint herein is also appropriate.

### G.  The Complaint's N.Y. Lab. Law § 195 Notice Allegations Fail to State a Claim.

The Complaint alleges the Restaurant failed to provide N.Y. Lab. Law § 195 notice to Plaintiff (Complaint ¶¶ 27-29, 32).  However, it is undisputed that Plaintiff signed and acknowledged receipt of the § 195 notices on November 26, 2013 and January 30, 2016, as well as the Restaurant's tip pool policy in January 2014.  (Exhibits B, C and D Trendafilova

Declaration)  In addition, the Complaint does not and cannot allege that official wage rate notices published by the state and federal departments of labor were not prominently posted where employees may view them (Exhibit E Trendafilova Declaration), or that Plaintiff failed to receive his printed paystubs stating his weekly pay and wage rate information. (Exhibit F Trendafilova Declaration) Accordingly, the Court should dismiss Plaintiff's NYLL § 195 notice claims (Complaint ¶¶ 27-29) because they contradict the undisputed facts of the actual NYLL § 195 notices attached to the Trendafilova Declaration.  It is apparent that the Fifth and Sixth Claims for Relief fail to state a claim upon which relief may be granted, and should be dismissed with prejudice.

## III.    CONCLUSION

For all of the foregoing reasons, Defendants respectfully request the Court to dismiss the Complaint in its entirety.

Dated: New York, NY
     January 11, 2017

Respectfully submitted,
/s/ Douglas Weiner
Douglas Weiner
Darren Shield
Mazzeo Song, P.C.
444 Madison Avenue, 4th Floor
New York, NY 10022
Phone:   (212) 599-0700
Fax:      (212) 599-8400
Email:    dweiner@mazzeosong.com
       dshield@mazzeosong.com
***Attorneys for Defendants***

22