```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
ANTONIO ALONSO,                                           :
                                                          :
                                Plaintiff,                :     16-CV-8448 (JMF)
                                                          :
                -v-                                       :            ORDER
                                                          :
LE BILBOQUET NY, LLC, et al.,                             :
                                                          :
                                Defendants.               :
                                                          :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/01/2017

JESSE M. FURMAN, United States District Judge:

On January 16, 2017, Plaintiff, who brings claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, filed a notice indicating that he had accepted a Rule 68 offer of judgment. (Docket No. 17). Thereafter, in an Order dated January 18, 2017, the Court invited the parties to respond to an amicus brief filed by the Secretary of Labor in *Sanchez et al. v. Burgers and Cupcakes LLC*, 16-cv-3862 (VEC), which takes the position that judicial approval is required when a Rule 68 offer of judgment is accepted by a plaintiff alleging claims under the FLSA. (Docket No. 18). Although Plaintiff decided not to take a position on the matter (Docket No. 19), Defendants requested that the Court review and approve the proposed Rule 68 judgment. (Docket No. 20). On January 27, 2017, the Court issued an Order directing the parties to submit any settlement agreement to the Court along with a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012), and the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (Docket No. 21). On January 30, 2017, Plaintiff responded to that Order and filed a letter explaining the basis for the proposed settlement. (Docket No. 22).

The Court, having reviewed Plaintiff's letter and the Rule 68 papers, finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiff's individual claim as well as the risks and expenses involved in additional litigation. *See Wolinsky*, 900 F. Supp. 2d at 335-36. Although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at 335 (citation omitted), these concerns are not as relevant when the plaintiff no longer works for the defendant, as is the case here, *cf. Lujan v. Cabana Mgmt., Inc.*, No. 10-CV-755 (ILG), 2011 WL 3235628, at *2 (E.D.N.Y. July 27, 2011) (noting "the risk of explicit or implicit coercion in the employment context" in FLSA litigation); *Gortat v. Capala Bros., Inc.*, 07-CV-3629 (ILG) (SMG), 2009 WL 3347091, at *11 (E.D.N.Y. Oct. 16, 2009), *report and recommendation adopted by* 07-CV-3629 (ILG), 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010) (noting the heightened concern over coercion in FLSA litigation when plaintiffs "are involved in an ongoing business relationship with defendants, and . . . are dependent on defendants for employment").

In addition, the Court sees no basis to reduce the proposed attorney's fees where, as here, it is consistent with a commonly approved percentage, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and counsel. *Cf. Picerni v. Bilingual Seit & Preschool Inc.*, 925 F.Supp.2d 368, 377 n.3 (E.D.N.Y. 2013) ("Unless there is a basis to presume conflict and antagonism between the plaintiff and his attorney— i.e., that the plaintiff's attorney is receiving a larger fee at the expense of his client's wage claim . . . then the basis upon which the attorney's fee is determined should be of no interest to the court, just as it is of no interest in most other kinds of private litigation.").

Accordingly, the Clerk of the Court is directed to enter judgment against the Defendants in accordance with their Rule 68 offer of judgment and to close the case.

SO ORDERED.

Dated: February 1, 2017
      New York, New York

                                      JESSE M. FURMAN
                                      United States District Judge